## NEW YORK, N. H. & H. R. CO. v. CITY OF NEW YORK et al.

(Circuit Court, S. D. New York. December 1, 1905.)

COURTS—JURISDICTION—INDISPENSABLE PARTIES—SUIT BY LESSEE TO AVOID LOCAL ASSESSMENT—STATE STATUTE.

A state statute giving a tenant under a lease for more than 10 years the right to maintain an action in his own name to remove a cloud upon title will be given effect by a federal court, and under such statute the lessor is not an indispensable party to a suit by a lessee for ninety-nine years, obligated by the terms of the lease to pay all taxes and assessments against the property, to set aside an assessment for local improvements on the ground of its invalidity.

In Equity. On demurrer to bill for want of jurisdiction.

Mr. Luce, for complainant.

E. C. Kindelberger, for defendant.

WALLACE, Circuit Judge. The demurrer to the bill of complaint is to the jurisdiction of the court, because (1) there is not the requisite diversity of citizenship between the parties; and (2) the bill does not present a case which substantially involves the construction of the Constitution of the United States, but is one which is merely colorable.

The action is in equity to vacate certain assessments for a local improvement made by the taxing authorities of the City of New York against the Harlem River & Port Chester Railroad Company, and which became a lien upon the lands of that company. The complainant is the lessee of that company for the term of 99 years, and is obligated by the terms of the lease to pay all taxes and assessments levied upon the leased premises. The theory of the bill is that the assessment is void because unconstitutional. The bill alleges that the lessor is a proper and necessary party defendant because the assessments are a lien upon the real estate.

It cannot be seriously contended that the lessee is under obligation to pay any void assessment. The bill does not allege that the assessments are claimed to be valid by the lessor, nor does the bill allege the existence of any controversy between the complainant and that company growing out of the assessments. It follows that, if the lessor is as alleged a necessary party to the controversy, its interests are identical with those of the complainant.

I am of the opinion that the real controversy is wholly between the complainant and the city of New York, and that the other defendant is not a necessary party to it. The case is somewhat analogous to Morse v. South (C. C.) 80 Fed. 206, in this respect. The complainant, being in possession under the lease, is entitled to maintain the action to protect his rights as lessee. The statute of this state allows an action to remove a cloud upon title to be brought by a tenant under a lease of more than 10 years, and the federal courts give effect to such a statute. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52. As the lessor is not an indispensable party, although a proper one, the complainant can, if he so chooses, dismiss the bill as to it. Horn v. Lockhart, 17 Wall. (U. S.) 570, 21 L. Ed. 657; Oxley Stave Co. v. Cooper's Int. Union (C. C.) 72 Fed. 695, 697; Sioux City, etc., v. Trust Co. of No. America, 27 C. C. A. 73, 82 Fed. 124; Mason v. Dullagham, 27 C. C. A. 296, 82 Fed. 689.

As the court has jurisdiction because of the requisite diversity of citizenship between the parties, it is unnecessary to inquire whether it has also jurisdiction because a federal question is involved.

The demurrer is overruled, with costs.