CLAIBORNE *et al. v.* WADDELL *et al.*

(*Circuit Court, N. D. Georgia.* March 11, 1892.)

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—DISMISSAL OF PARTY.
   When, on arranging the parties according to their interests in the controversy, the jurisdiction of the federal court will be taken away because of the citizenship of one party, such party may be dismissed, and the question will then remain whether she is a necessary party. *Horn* v. *Lockhart,* 17 Wall. 570, followed.

2. SAME—DELAY IN RAISING THE POINT.
   In passing upon a question of jurisdiction the court will take into consideration any excessive delay in raising the point.

In Equity. Bill by John M. Claiborne and others against John O. Waddell and others. Heard on motion to dismiss for want of jurisdiction.

The citizenship and residence of the parties is stated in the bill to be as follows: John M. Claiborne, guardian of the person and property of Sarah Vienna Phillips, is a citizen and resident of the state of Texas, his ward being a citizen and resident of Missouri. Margaret L. Guthie and her husband, who is joined with her, are citizens and residents of the state of Texas. All of said parties are complainants, and John O. Waddell, William Peek, E. H. Richardson, Thomas Berry, Alfred Shorter, and John M. Berry, partners under the name and style of Berrys & Co., and Mrs. Augusta Phillips, who was formerly Mrs. Augusta Colville, citizens of and residing in the state of Georgia, in said northern district, are defendants. The purpose of the bill is to recover assets of the estate of Hiram Phillips from John O. Waddell, who was his guardian, (Phillips having been adjudged a lunatic,) and afterwards his executor. The interest of Mrs. Phillips, who is made one of the defendants, was really with the complainants. It appears that she had an equal interest with each of the complainants in whatever might be recovered by the bill. This motion is made to dismiss the bill for want of jurisdiction on account of citizenship of the parties; the contention being that Mrs. Phillips should be a party complainant, and should now be considered such, and therefore her citizenship and residence in Georgia would defeat the jurisdiction.

*Fulton Colville,* for complainants.

*B. H. Hill,* for defendants.

NEWMAN, District Judge. It will be perceived that this bill has been pending in court for 14 years, and no question of jurisdiction has ever been raised in it. The defendant Waddell, who now makes the ques-

tion of jurisdiction, filed an answer to the bill in July, 1878. It seems clear that with the present parties to the case the court is without jurisdiction. In arranging the parties according to their interests, and as to their respective sides in the controversy, it will be necessary to place Mrs. Phillips with the complainants; and the fact of her residence and citizenship in this district will be fatal to the jurisdiction. *Bland* v. *Fleeman,* 29 Fed. Rep. 669; *Covert* v. *Waldron,* 33 Fed. Rep. 311; *Rich* v. *Bray,* 37 Fed. Rep. 273. Where there is great delay, as in this case, in raising the question of jurisdiction, the court will consider the delay in passing upon the question. See *Deputron* v. *Young,* 134 U. S. 241, 10 Sup. Ct. Rep. 539. The counsel for complainants suggested to the court his right to dismiss as to Mrs. Phillips, which would obviate all difficulty as to the jurisdiction of the court on the ground of citizenship; and the question would then remain as to whether or not it is necessary to retain Mrs. Phillips as an indispensable party, under the equity practice of the court. In *Horn* v. *Lockhart,* 17 Wall. 570, a case very much like this, being a suit to recover assets of an estate in the hands of an executor, the suit was brought in Alabama, where the executor resided, and two of the parties made defendants resided in the state of Texas, which was the residence of the complainants. The objection to the jurisdiction was met by the dismissal of the suit as to the two defendants resident in Texas. The dismissal as to these parties, thereby obviating the question of jurisdiction, was sustained by the supreme court, and I am unable to see the difference in principle between that dismissal and the dismissal here of the case as to Mrs. Phillips. The two defendants as to whom that case was dismissed had interests identical with the interest of Mrs. Phillips in this case; and, if a decree could be rendered in that case without their presence as indispensable parties, I see no reason why it may not be rendered in this case. Upon the authority of the case just cited, I am of the opinion that, if counsel for complainants desire, an order may be taken, dismissing this case as to Mrs. Phillips; otherwise, the case must be dismissed for want of jurisdiction.