## SUCESIÓN OF FERNANDO CASADO, Plffs.,

*v.*

## PABLO UBARRI É YRAMATEGUI, Dft.

---

San Juan, Law, No. 465.

1. In an ejectment suit all the co-owners of undivided interests are indispensable parties defendant.

2. If the jurisdiction of the Federal court is doubtful, the decision should be against entertaining the case.

3. If there are citizens of Porto Rico on both sides of the controversy, and it is not one involving a Federal question, the court has no jurisdiction.

Opinion filed February 1, 1908.

---

*Mr. C. Coll y Cuchí,* attorney for plaintiffs.

*Mr. Francis H. Dexter,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

This case comes before us on a plea to the jurisdiction, because, as it is alleged, of the nonjoinder of an indispensable party, the joinder of whom would oust the jurisdiction.

The plaintiffs number about twenty-five persons, who are said to be the heirs or sucesión of Fernando Casado. On April 20th, 1907, they filed an ordinary suit in ejectment, simply alleging that they are the owners, and entitled to the possession, of an estate known as "Quebrada Lajas," situated in the barrios or wards of Mediania Alta, Mediania Baja, and Ciénega Baja, of the municipality of Loiza, and the barrio of Herrera and the town of Rio Grande in Porto Rico, which in all is composed of 2257 cuerdas of land, more or less, and that the defendant wrongfully took possession of the same in October, 1895, and forcibly ousted the plaintiffs therefrom, and has since then remained in possession of the same, to the damage of the plaintiffs in the sum of $250,000; and they therefore ask judgment for the possession of the land and damages in that amount. On May 15th, 1907, counsel for plaintiffs asked for and was granted an order for substitute service in the premises, but it is not certain that he ever perfected it, owing to what he contends is the general appearance of the defendant being afterwards entered. On August 22, 1907, attorney for plaintiffs, Mr. Cayetano Coll y Cuchí and Mr. Hilario Cuevillas Hernandez, the latter representing the defendant, filed a stipulation that because Mr. Francis H. Dexter, of counsel for the defendant, was absent from Porto Rico, and the said Mr. Hilario Cuevillas Hernandez was then in delicate health, that the appearance date of the defendant should be extended from the 1st day of September, for which it was set, to the 1st day of October, 1907.

On November 8, 1907, an amended complaint was filed, giving a more elaborate description of the lands sued for, and joining Mr. Rufino Ubarri Iramategui as an additional defendant in the suit. On November 16th, these two defendants, by

Casado v. Ubarri é Yramategui.

their solicitors, the said Hilario Cuevillas Hernandez and Francis H. Dexter, filed a five-line answer, denying each and all of the allegations contained in the complaint save that the defendants were in possession of the property described. On the same day the attorney for plaintiffs and these two attorneys for the defendants filed a stipulation and agreement in writing, waiving a jury trial in the premises, and agreeing that all of the issues should be submitted to the court without the intervention of a jury. On December 9th, evidently, although the filing mark by mistake has it of date December 19, 1907, the attorney for the plaintiffs dismissed the suit as to the new defendant, Rufino Ubarri Iramategui, thus leaving the original defendant, Pablo Ubarri Iramategui, as the sole defendant in the case. On the same day the attorneys for the defendants filed a plea, as first above referred to, stating that the defendants Pablo Ubarri and Rufino Ubarri are each the owners of an undivided interest in the property described in the complaint, and that it is impossible to try the case or obtain a final judgment therein which would settle the rights of the parties, unless the said Rufino Ubarri is made and kept as a party defendant, to be bound by such judgment as may be entered.

The case was then argued orally, on the issue thus made, or as the cause would stand after Rufino Ubarri is eliminated from the case. Pablo Ubarri is a Spaniard and lives in Spain, and we have grave doubts whether, in this kind of a suit, substitute service upon him can, under the law, be obtained, or whether his appearing as he did gave the court jurisdiction. Rufino Ubarri, the other defendant, was some time since held to be a Porto Rican in a somewhat extensive opinion filed by us in a recent case entitled Laborde v. Laborde, 2 Porto Rico Fed. Rep. 493. It will thus be seen that, as the plaintiffs are

Casado v. Ubarri é Yramategui.

all Porto Ricans, if Rufino Ubarri is an indispensable party, and must be kept in the case as a defendant, because he is a Porto Rican, there will be Porto Ricans upon both sides of the case, and this court, under its ruling in the now locally somewhat well-know Vallecillo Bertran Case [2 Porto Rico Fed. Rep. 46], is without jurisdiction in the premises.

There could be no question of our jurisdiction if the court, under all the circumstances here, can proceed against Pablo Ubarri alone. As stated, it is a peculiar case. First, in a plain suit in ejectment substitute service is attempted against a person admitted to be a nonresident and a foreigner; then a person admitted to be a citizen and resident of Porto Rico is joined as a defendant, and both parties appear by counsel; then the cause is dismissed as to the Porto Rican, but counsel for the remaining defendant claims that both defendants are indispensable parties because they are tenants in common of the land sought to be recovered.

We have searched the law reports and digests in vain for a single case that is parallel here. See Carter, Jurisdiction of Fed. Courts, pp. 126, 127, 140, et seq., and cases cited; 15 Enc. Pl. & Pr. pp. 554, 593, et seq.; Claiborne v. Waddell, 50 Fed. 368; Mason v. Dullagham, 27 C. C. A. 296, 53 U. S. App. 539, 82 Fed. 689; Greeley v. Lowe, 155 U. S. 58, 39 L. ed. 69, 15 Sup. Ct. Rep. 24. We can find any number of cases, particularly in equity suits, where United States courts have repeatedly held, under § 737 of the Revised Statutes (U. S. Comp. Stat. 1901, p. 587), that a plaintiff can dismiss as to any nonresident defendant who is not an indispensable party, and where the causes of action against the defendants are severable, and proceed to judgment, but we can find no case, nor have counsel pointed out any to us, where such a question as the one now be-

Casado v. Ubarri é Yramategui.

fore us arose.   The service against a nonresident foreigner here
is, under all the circumstances, perhaps of dobutful binding
force.   As stated, we are unable to find where any plaintiff in
ejectment, and, of course, at law, has been permitted to leave
out of the equation a resident tenant in common, who is pre-
sumably the owner of an undivided half interest in the property
sought to be recovered, when such plaintiff alleges that he is
the owner of the whole legal title to that land, and to pursue
the remaining defendant and co-owner of an undivided interest.

Under all the circumstances, as courts of the United States
are of limited jurisdiction, and as we are forced, for lack of
authority on the subject, or, at least, any that has been called
to our attention, to treat the matter as of first impression, we
do not think it right, even though the suit is at law, to permit
this cause to proceed to judgment against a single defendant
when we can plainly see that, at most, such procedure would
only partially settle the controversy.   It is fundamental with
courts of the United States that whenever there is doubt of
their jurisdiction, it is resolved against entertaining the case;
and therefore we hold that Rufino Ubarri, especially as he is a
resident, is an indispensable party, and, if he is held as a
defendant, our jurisdiction is ousted.   The cause will therefore
be dismissed with costs, and it is so ordered.