MASON et al. v. DULLAGHAM et al.

(Circuit Court of Appeals, Seventh Circuit. October 20, 1897.)

No. 396.

FEDERAL JURISDICTION—DIVERSE CITIZENSHIP—DISMISSAL OF PARTIES.

In an action where jurisdiction depends on diverse citizenship, and where the interests of certain defendants, whose citizenship is not such as to confer jurisdiction, are separable from those of the others, plaintiff may before judgment dismiss the action as to them; and the objection arising out of their citizenship cannot thereafter be raised by the others as to whom the necessary diversity exists.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

W. W. Gurley and Howard Carter, for plaintiffs in error.

James C. McShane, for defendants in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge. This was an action in trover, brought by the defendants in error against Horatio P. Mason and Charles P. Hoge, the plaintiffs in error, and against John King, Stephen P. Meyer, William F. Dandridge, Dennis A. Shannahan, and Cornelius N. Shannahan, for the conversion of certain personal property. The declaration alleged that the plaintiffs in the suit were citizens of the state of Illinois, and that the defendants in the suit were citizens of the state of Kentucky. The writ of summons was served upon Horatio P. Mason alone, but a plea of not guilty was filed on behalf of all the defendants. Pending the trial of the cause, plaintiffs dismissed the suit as to defendants Meyer, Dandridge, Dennis A. and Cornelius N. Shannahan, and thereon a verdict was taken against the defendants Mason, Hoge, and King. After verdict the plaintiffs dismissed the cause as to the defendant John King, and judgment was entered upon the verdict against the defendants Mason and Hoge, who take this writ of error.

The only question presented to our consideration relates to the jurisdiction of the court. Upon the trial, on the examination of the defendant King, it appeared that the year before the suit he had removed from the state of Kentucky, and at the time of the suit was a citizen of the state of Illinois. This testimony was stricken out by the trial judge, upon the ground that it was not within the issues, and that, by his plea and general appearance, King had submitted himself to the jurisdiction of the court without objection, and could only raise the question by plea to the jurisdiction. This ruling is said to have been predicated upon the decision of the supreme court in Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521. It is contended that certain obiter remarks in the opinion in that case are overruled by the cases of Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, and Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 374, 10 Sup. Ct. 1004, construing the fifth section of the act of March 3, 1875 (18 Stat. 472), under which it is claimed that whenever and however it shall appear to the satisfaction of the circuit court that the suit does not really and substan-

tially involve a dispute or controversy properly within the jurisdiction of the circuit court, or that the parties have collusively joined to create a case cognizable or removable under the act, the court should proceed no further therein, but should dismiss the suit, or remand it to the court from which it was removed. We are not called upon at this time to pass upon the question whether one who has pleaded generally can afterwards, and without a proper plea to the jurisdiction, raise the question of citizenship. This action was joint, and several, and, if the court below erred in its ruling, the error was cured by the dismissal of King from the suit after verdict and before judgment. Thus, in Horn v. Lockhart, 17 Wall. 570, it was held, where objection was taken to the jurisdiction of the court by reason of the citizenship of some of the parties, the question was whether to a decree authorized by the case presented they are indispensable parties. If their interests are severable from those of the other parties, and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained, and the suit dismissed as to them. Here the interests of the defendants were severable, and the plaintiff had right at any time before judgment to dismiss as to either defendant. Having dismissed as to those defendants over whom it is said the court had no jurisdiction notwithstanding their appearance, its jurisdiction cannot be impugned by the plaintiffs in error here, as to whom the necessary diversity of citizenship existed, so that the jurisdiction of the court over them is undoubted. The judgment is affirmed.