## WILLIAMS v. GREAT SOUTHERN LUMBER CO. et al.

(District Court, E. D. Louisiana, New Orleans Division. April 10, 1926.)

No. 16377.

1. Courts ☞322(5)—Amendments of complaint to show federal court's jurisdiction for diversity of citizenship must be allowed, even after verdict and while motion for new trial is pending, in absence of anything contradicting allegation of amendment (Judicial Code, § 274c [Comp. St. § 1251c]).

In view of Judicial Code, § 274c (Comp. St. § 1251c), amendment of complaint duly sworn, alleging plaintiff's citizenship to show federal court's jurisdiction for diversity of citizenship, must be allowed, even after verdict and while defendant's motion for new trial is pending, in absence of anything contradicting allegation of amendment.

2. Courts ☞318—Plaintiff's right, after verdict, to dismiss suit against any defendants whose presence would oust jurisdiction of federal court, depends on whether demand against remaining defendant is severable.

Plaintiff's right, after verdict, to dismiss suit against any defendants whose presence would oust jurisdiction of federal court, depends on whether demand against remaining defendant is severable from demand against others.

3. Courts ☞318—Tort action for death against several defendants held severable, and plaintiff was entitled to take nonsuit, even after verdict as to defendants whose presence would oust jurisdiction of federal court (Rev. Civ. Code La. art. 2315).

Under Rev. Civ. Code La. art. 2315, tort action for death of plaintiff's husband against several defendants is severable as between defendants, and plaintiff was entitled to take nonsuit, even after verdict and while defendant's

motion for new trial was pending, as to defendants whose presence would oust jurisdiction of federal court.

**4. New trial ⬤➡33—Permitting plaintiff, suing for death of husband, to take nonsuit after verdict against certain defendants, held not to require new trial as against remaining defendant's contention that denial of new trial would deny it full benefit of testimony of other defendants.**

Permitting plaintiff, suing in tort for death of her husband, to take nonsuit, after verdict, against other defendants, whose presence would oust jurisdiction of federal court, *held* not to require new trial as against remaining defendant's contention that refusal of new trial would deny it *full benefit of such defendants'* testimony, because jury did not give full effect to their evidence on account of their interest in the suit.

**5. New trial ⬤➡70—Trial court cannot, on motion for new trial, decide issues of fact differently than jury, if jury's conclusions are supported by evidence.**

Jury are judges of issues of fact, and trial court has no right, on motion for new trial, to itself decide such issues differently, if there is evidence, direct or circumstantial, to support jury's conclusions.

**6. Evidence ⬤➡14—It is common knowledge that, in controversies between employers and employees, one or both may be at fault.**

It is common knowledge that, in controversies between employers and employees, one or both may be at fault, and such controversies present questions which jury is qualified to determine.

**7. Death ⬤➡99(4)—$50,000 damages for death of husband held excessive, and reduced to $30,000.**

In action for death of plaintiff's husband, verdict of $50,000 for plaintiff and her minor son *held* excessive, and $20,000 for plaintiff and $10,000 for son was sufficient.

At Law. Action by Mrs. L. E. Williams, individually and as tutrix, against the Great Southern Lumber Company and others. Judgment for plaintiff. On named defendant's motion for new trial. Motion denied conditionally.

Hiddleston Kenner, of New Orleans, La., for plaintiff.

Dufour, Goldberg & Kammer, of New Orleans, La., Delos R. Johnson, of Franklinton, La., and B. M. Miller, of Covington, La., for defendants.

DAWKINS, District Judge. This was an action in tort, in which the plaintiff claimed damages individually and as tutrix of her minor son for the death of the husband and father. Originally it was instituted against the Great Southern Lumber Company alone, but by amendment the other defendants were made parties. The cause was

submitted to a jury, who found for the plaintiff in the sum of $50,000. Defendants then moved for a new trial upon the following grounds:

"(a) That the court erred in failing to grant the motion of the Great Southern Lumber Company, for a verdict in its favor and against the plaintiffs, made in the presence of the jury at the conclusion of all of the evidence in the cause.

"(b) That the court erred in not sustaining the objection of the defendants, made at the time plaintiff sought to introduce testimony in support of her demand, on the ground that plaintiff's petition disclosed no cause of action, and that under the pleadings there was no justifiable question propounded to the court.

"(c) That the court failed to sustain defendants' objection to the admission of any evidence on behalf of the plaintiff.

"(d) That the court erred in excluding the evidence offered by the defendants and objected to by plaintiff, as appears from the transcript of the testimony taken in this cause, to all of which rulings of the court defendants then and there duly excepted.

"(e) That the court erred in admitting over the objection of the defendants certain evidence of the plaintiff, in the particulars which will appear from the transcript of the testimony in this cause.

"(f) That the court erred in excluding the evidence offered and tendered by the defendants, tending to show the nature of the breach of the peace committed by Dacus, Bouchillon, and O'Rourke, on the morning of November 22, 1919.

"(g) That the court erred in permitting plaintiff to introduce evidence of certain incidents as a part of the res gestæ, when such evidence was hearsay evidence, and therefore no part of the res gestæ, over the objection of the defendants, as appears from the transcript of the evidence in this cause."

And, finally, upon the ground that the verdict was excessive.

[1] After verdict, and while the motion for new trial was pending, the presiding judge (who subsequently died without passing thereon) raised the question as to whether the plaintiff had properly alleged or shown the jurisdictional facts, in so far as she was concerned; that is, that she was a citizen of the state of Louisiana. Thereupon she presented an amendment, duly sworn to, that she was a citizen of said state. Nothing to contradict this allegation and proof having been submitted, I think the amendment, in view of section 274c of the Judicial Code,

as amended by the Act of March 3, 1915 (Comp. St. § 1251c), must be allowed, and that it sufficiently establishes the citizenship of the plaintiff. In fact, this view does not appear to be seriously controverted by the defendant.

The trial judge suggested, upon the argument of the motion for new trial, that, inasmuch, as the defendants, other than the Great Southern Lumber Company, were shown to be citizens of the state of Louisiana, the court was probably without jurisdiction to try the issues of the case. Whereupon plaintiff moved for a nonsuit as against these defendants.

While defendant appears to concede that the plaintiff may, at this stage, take a nonsuit against any of the defendants, it is earnestly insisted that, if and when allowed, a new trial must be granted, first, because, so long as these defendants were parties, the court was without jurisdiction to try or decide the issues, and the case must go back to the point where that amendment was allowed which brought them in; and, secondly, that to refuse it a new trial will have had the effect of denying it the full benefit of the testimony of these defendants, some of whom testified on the trial, since the jury did not and could not give full effect to their evidence, because of their interest in the outcome of the suit, as might have been done had they been disinterested witnesses.

[2] A determination of the first point raised raised by the defendant— i. e., the right of the plaintiff to dismiss this suit against one or more defendants, whose presence in the case would have the effect of ousting the jurisdiction of this court—depends upon whether or not the demand as against the remaining defendant and those dismissed is severable; that is, can judgment be rendered against the Great Southern Lumber Company without affecting the rights of the other defendants, and without prejudice to those of that company? Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657; Thomas v. Anderson, 223 F. 43, 138 C. C. A. 405; Mason et al. v. Dullagham et al., 82 F. 689, 27 C. C. A. 296; Grove v. Grove (C. C.) 93 F. 867; Ladew v. Tennessee Copper Co. et al. (C. C.) 179 F. 245; Clark v. Chicago, M. & St. P. Ry. Co. (C. C.) 11 F.(2d) 355. See, also, 2 Fed. Dig. col. 3000, verbo "Courts," § 88; 6 Fed. Dig. 1876, verbo "Courts," § 318; 10 Fed. Dig. 347; 13 Fed. Dig. 432.

[3] There is no doubt but that the action against the several defendants was and is severable. It is one in tort under article 2315 of the Revised Civil Code of Louisiana, as to which it has been repeatedly held—in fact, has never been disputed—that a plaintiff may sue one or more joint tort-feasors without regard to the others, or, having obtained a judgment against all, may execute against one of them alone, and, if they all be at fault, neither has any recourse against the other, who is made to pay. It has also been held in some of the cases above cited (Mason v. Dullagham) that the dismissal may be made after verdict and before signing of the judgment. No authority to the contrary has been cited by the defendant.

[4] With respect to the second point, I am not impressed that the testimony of such of the defendants as testified, who are sought to be dismissed, would have been given greater weight by the jury, had they not been parties to the suit. Most, if not all, declined to answer certain questions as to their participation in the shooting which resulted in the death of plaintiff's husband, under their constitutional right to refuse to answer any question which might incriminate them, or be used in a criminal prosecution, and the evidence otherwise showed that they, or most of them, were present, armed, and participated in the undertaking which resulted in the death of Williams. The main question which the jury had to decide was as to whether the persons who visited Williams' place were engaged in the discharge of a bona fide and honest effort as officers of the law, to execute a valid warrant, or whether they were in reality helping the defendant, the Great Southern Lumber Company, to combat an attempt to organize and unionize the employees of that company.

I have carefully read the entire record, and while I might, if the case had been submitted to me without the intervention of a jury, decided differently, still the evidence was conflicting as to who fired the first shot, and also as to whether, if done by the ones seeking to execute the warrant, they acted in self-defense. The fact that four men of the Williams party, who were inside the buildings, were killed, and a fifth seriously wounded, while only one of the special officers was slightly wounded, was a circumstance which the jury could, and no doubt did, consider in determining these issues. There was also evidence from which the inference might be drawn that the Self-Preservation and Loyalty League had as one of its purposes, acquiesced in by the defendant lumber company and participated in by some of its employees, the promoting of the stand taken by the defendant company in its dealings with the labor union.

[5, 6] In any event, the jury were the judges of these issues of fact, and the court has not the right, on a motion for new trial, to itself decide them differently, if there be evidence, either direct or circumstantial, to support the conclusion reached by the jury. It is a matter of common knowledge that, in controversies of this kind between employers and employees, one or both may be at fault, and they present just such questions as a jury is qualified to determine.

The other grounds relied upon in the motion for a new trial, except the one as to the size of the verdict, I think are without merit. [7] On the other hand, I do think the sum allowed is excessive, in view of the recoveries which have been permitted in both the courts of Louisiana and those of the United States. I think that $10,000 for the child and $20,000 for the wife would be sufficient to reasonably compensate them for the damages suffered. Therefore, if the plaintiff shall enter, within 30 days from the filing of this memorandum, a remittitur of the excess—that is, of $20,000 of the sum allowed in favor of the plaintiff individually, and so as to reduce her recovery to $30,000—the new trial will be denied; otherwise, it will be granted, upon the ground of the excessiveness of the amount of the verdict.