## DRUMRIGHT et al. v. TEXAS SUGARLAND CO. et al.*

(Circuit Court of Appeals, Fifth Circuit. January 12, 1927.)

No. 4790.

1. **Courts** ⬅➡318—**Bill may be dismissed as to plaintiff, not indispensable party, to permit federal court to retain jurisdiction for diverse citizenship.**

Where suit is not maintainable in federal court, because one of plaintiffs is citizen of same state as defendant, jurisdictional defect may be removed, and cause proceed by dismissal of bill as to such plaintiff, unless he is indispensable party.

2. **Courts** ⬅➡310—**Holder of mortgage existing at time of land sale held not necessary party to suit to enforce vendor's equitable rights.**

As respects jurisdiction of federal courts for diversity of citizenship, holder of mortgage existing at time of sale of land was not indispensable party to suit to enforce equitable rights of vendor.

3. **Vendor and purchaser** ⬅➡279—**Holder of mortgage existing on land at time of sale held entitled to intervene in vendor's suit to enforce lien (equity rule 37).**

Under equity rule 37, holder of mortgage existing on sale of land has sufficient interest in land to entitle it to assert its rights under mortgage by intervention in vendor's suit to enforce its equitable lien.

4. **Vendor and purchaser** ⬅➡265(1)—**Land acquired by purchaser with knowledge that part of purchase price was unpaid was subject to vendor's lien for unpaid balance.**

Where purchaser of land on which there was existing mortgage acquired legal title with knowledge that part of purchase price was unpaid, land was subject to vendor's equitable lien for unpaid balance.

5. **Constitutional law** ⬅➡171—**Mortgages** ⬅➡330—**Statute changing limitation applicable to mortgage liens held unconstitutional as to previously executed mortgages, and prior statute applies (Vernon's Sayles' Tex. Ann. Civ. St. 1914, art. 5693).**

Vernon's Sayles' Tex. Ann. Civ. St. 1914, art. 5693, enacted in 1913, providing that mortgage lien shall cease four years after maturity of mortgage debt, is unconstitutional as to previously executed mortgages, and 10-year limitation of prior statute applies thereto.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Suit by the Texas Sugarland Company against Aaron Drumright as trustee, and others, in which the Grand Lodge Ancient Order of United Workmen of Oklahoma intervened. Decree for plaintiff and intervener, and defendants appeal. Affirmed.

*Rehearing denied February 10, 1927.

16 F.(2d)—42

Harbert Davenport, of Brownsville, Tex (Davenport, West & Ransome, of Brownsville, Tex., on the brief), for appellants.

Robt. L. Sonfield, of Houston, Tex., William J. Hulsey, of McAlester, Okl., and Fred R. Switzer, of Houston, Tex. (King, Battaile & Sonfield, of Houston, Tex., and Hulsey & Hulsey, of McAlester, Okl., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The original bill in this case was filed by the Texas Sugarland Company, a Kansas corporation, and the Grand Lodge of Oklahoma, Ancient Order of United Workmen, an Oklahoma corporation, against the appellants, one of whom is a citizen of Oklahoma. Upon that appellant moving to dismiss the cause for want of jurisdiction, the Grand Lodge was dismissed as a party plaintiff, and thereupon it was permitted to file a petition of intervention in the cause. The averments of the bill showed the following:

In December, 1923, the Sugarland Company, then being the owner of described land, subject to a mortgage thereon executed in November, 1907, to secure a debt of $10,050 and interest, which mortgage was owned by said Grand Lodge, sold and conveyed that land to the appellant Drumright, trustee, at the price of $21,800, of which price the amount of the principal and accrued interest owing on said mortgage debt was payable to said Grand Lodge; the balance of such price being paid in cash to the seller, the Sugarland Company. The part of the price which was payable to the Grand Lodge was not paid. The bill contained prayers to the following effect: (1) For a judgment foreclosing the mortgage; (2) in the alternative, for a judgment that plaintiffs have an equitable lien on said land for the amount of said mortgage debt and enforcing that lien; and (3) in the alternative, that said sale and conveyance be canceled, the amount paid by the purchaser being tendered to him. The above-mentioned intervening petition set up the intervener's claim under said mortgage and prayed for a foreclosure of it. By the decree an equitable lien on said land for the amount of the mortgage debt, interest, and attorney's fee was established and ordered foreclosed in favor of the Sugarland Company, the proceeds to be applied to the satisfaction of the mortgage, and the mortgage was ordered to be foreclosed in favor of the intervener.

[1-3] Though the original bill was not main-

tainable, because one of the plaintiffs therein was a citizen of the same state of which a defendant was a citizen, the jurisdictional defect could be removed, and the cause be proceeded with, following a dismissal of the bill as to that plaintiff, unless it was an indispensable party. Conolly v. Taylor, 2 Pet. 556, 7 L. Ed. 518; Grove v. Grove (C. C.) 93 F. 865. So far as the bill was one for the enforcement of·the equitable rights of the Sugarland Company as the seller of said land, the holder of a mortgage on that land, which was in existence at the time of the sale, was not an indispensable party, as the seller's rights against the buyer could be adjudged and enforced without directly affecting the pre-existing mortgage on the land or the holder of that mortgage. Sioux City Terminal R. & W. Co. v. Trust Co. (C. C. A.) 82 F. 124. The Grand Lodge, as the holder of a mortgage on the land against which an equitable lien in favor of the Sugarland Company was asserted by the suit, had such an interest in that land as to make permissible the assertion by intervention of the Grand Lodge's rights under its mortgage. Smith v. Gale, 144 U. S. 509, 12 S. Ct. 674, 36 L. Ed. 521; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; 20 R. C. L. 685; equity rule 37.

[4] The evidence disclosed that the sale of the land by the Sugarland Company was the result of negotiations for its purchase by one Stuart, at whose instance the deed to the land was made to Drumright, that the understanding between the seller's representative and Stuart was that so much of the agreed price at which the land was sold as amounted to the principal and interest owing on the mortgage debt was to be paid to the holder of the mortgage, the Grand Lodge, and that Drumright, the grantee in the deed, knew of that understanding when he accepted the deed, and that part only of the agreed price was paid to the vendor. Drumright having acquired the legal title with knowledge of the price at which the grantor in the deed consented to sell and convey the land described, and that a part of that price remained unpaid, the land in his possession was subject to the vendor's equitable lien to secure the payment of the unpaid part of the purchase price.

[5] The act of the Texas Legislature of 1913 (Vernon's Sayles' Texas Civil Statutes 1914, art. 5693), providing that the lien of a mortgage shall cease to exist four years after the maturity of the debt secured thereby, is unconstitutional as to the above-mentioned mortgage, executed in 1907 and securing a debt which matured in 1918, the previously existing statute, which prescribed a limitation of 10 years, being applicable to such mortgage. Frank v. State Bank & Trust Co. (Tex. Com. App.) 263 S. W. 255. The debt secured by that mortgage being due and unpaid, the mortgage was subject to be foreclosed for the principal and interest of the debt secured and a reasonable attorney's fee, which by the terms of the mortgage was payable in the event of an action being brought for a foreclosure of it after default.

We conclude that the court did not err in granting relief as above stated. The decree is affirmed.