**DONNELLY GARMENT CO. et al. v. DUBINSKY et al. (DONNELLY GARMENT WORKERS' UNION, Intervener).**

**No. 2924.**

District Court, W. D. Missouri, W. D.

Sept. 19, 1942.

James A. Reed, Robert J. Ingraham, and William S. Hogsett, all of Kansas City, Mo., for plaintiffs.

Emil Schlesinger, of New York City, Charles A. Horsky and John T. Sapienza, both of Washington, D. C., and Clif. Langsdale, of Kansas City, Mo. (Covington, Burling, Rublee, Acheson & Shorb, of Washington, D. C., of counsel), for defendants.

Gossett, Ellis, Dietrich & Tyler, of Kansas City, Mo., for interveners.

NORDBYE, District Judge (Acting under special assignment to the Western District of Missouri.)

Plaintiffs' position may be summarized as follows: That while the basis of jurisdiction differs, the factual issues now to be heard and determined do not materially differ from those which were heard and determined in the former trial, which consumed nearly six weeks of time. Plaintiff asserts, therefore, that the rights of all parties will be safeguarded if, at the trial hereof, the present record of some 2,628 printed pages be received in evidence with permission to either party to supplement such record by additional evidence.

After the remand of this proceeding from the Circuit Court, 8 Cir., 121 F.2d 561, this Court granted plaintiffs permission to dismiss as to the resident defendants and to amend their complaint predicating jurisdiction on the grounds of diversity of citizenship. This proceeding, like the first, seeks injunctive relief against the remaining defendants on account of certain alleged acts of fraud, violence and secondary boycott. However, in the first proceeding no jurisdiction existed as to any of the defendants. This action is bottomed on entirely new grounds of jurisdiction. The parties are different. The present defendants are retained only in their individual capacity, rather than as officials of the Union. The Union is no longer a party. All of these matters weigh heavily in determining whether plaintiffs' motion should be granted. First, however, the query arises as to whether or not this Court has any authority to grant the motion, or whether it is bound to afford the present defendants a new trial. It is clear that the Circuit Court in its remand did not assume to determine whether a new trial must be had upon some or all of the issues under the dismissals and amendments which might be granted by the trial court. Anent that question, however, it made reference to Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, and Dollar S. S. Lines, Inc., et al. v. Merz, 9 Cir., 68 F.2d 594. In both of these cases, no jurisdiction existed when the trial was had, because diversity of citizenship did not appear or exist. In the Morrin case, the lack of jurisdiction was based on insufficient allegations of citizenship as to the defendant labor Unions. Jurisdiction did exist, however, as between the plaintiffs and some of the defendants. The court, therefore, concluded (page 121 of 61 F.2d): " * * * The District Court should have leave to allow the plaintiffs to

amend by dismissing as against the locals, or by inserting appropriate allegations to show that none of their members was a citizen of New Jersey or Pennsylvania when the bill was filed, if such be the fact. If the former alternative be adopted, there is authority for allowing the record to stand as already taken, and to enter a decree thereon against the individuals, provided it appears that all the evidence remains equally admissible with the dismissed defendants out. Interstate Refineries, Inc., v. Barry [8 Cir], 7 F.2d 548, 550; Atchison, T. & S. F. R. Co. v. Gilliland [9 Cir.], 193 F. 608; Fitchburg R. Co. v. Nichols [1 Cir.], 85 F. 869; Maddox v. Thorn [5 Cir.], 60 F. 217; Williams v. Great Southern Lumber Co., D.C.E.D.La., 13 F.2d 246 reversed on other grounds in [5 Cir.], 17 F.2d 468, 470."

▆▆ In the Merz case, it affirmatively appeared that two of the defendants were citizens of the same State as the plaintiffs. Leave, however, was granted plaintiffs to amend by dismissing as to these two defendants, thereby establishing jurisdiction as to the remaining defendants. The majority of the court held, however, that if the dismissals were entered as permitted, the trial court had no discretion but to grant a new trial. The teachings of the Merz case in this regard were followed in Atchison, T. & S. F. R. Co. v. Francom, 9 Cir., 118 F.2d 712. The Ninth Circuit has therefore unmistakably indicated that, where no jurisdiction actually existed, a new trial must follow if subsequent amendment or dismissal as to certain parties will create jurisdiction. But there is, in addition, this difference between the present situation and the cases just cited: Here, there was an utter lack of jurisdiction as to all of the defendants under the Sherman Act, 15 U.S.C.A. § 1 et seq. Dismissal as to some of the defendants could not create or invoke jurisdiction without an amendment of the pleadings asserting entirely new grounds of Federal jurisdiction. Where no jurisdiction existed or could exist on the grounds originally asserted, by amendment or otherwise, against any of the defendants, it seems extremely doubtful that the evidence taken under such circumstances could be resuscitated for any purpose.

But if discretion does exist, it seems inescapable that the peculiar circumstances herein will permit no other course but to require an entire new trial on the issues as framed between the present parties. It is well recognized that a new trial must be granted if the evidence at the former trial is not equally admissible with the dismissed defendants out of the case, or if prejudice will result. Levering & Garrigues Co. v. Morrin, supra; Dollar S. S. Lines, Inc., v. Merz, supra; Schuerholz v. Roach, 4 Cir., 58 F.2d 32; Washington Gas Light Co. v. Lansden, 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543; Albright v. McTighe, C.C., 49 F. 817; Strand v. Griffith, C.C., 109 F. 597.

At the outset, it may be observed that these defendants timely lodged their objection to the jurisdiction of the court over their persons and the subject matter under the Sherman Act. Whether the strategy, the extent, or the character of their defense may have been shaped or determined in part by reliance on the lack of jurisdiction, is of course problematical. However, in considering the propriety of admitting the former evidence as against the remaining defendants, the important factor and determinant is that the Union, which is primarily charged with having directly committed or perpetrated the wrongs complained of, is no longer a defendant herein. Furthermore, those who may have acted in an official capacity in furtherance of the alleged wrongs are no longer parties except as individuals. At the former trial, all of the defendants who now remain were joined in their official capacity as well as individuals. It was recognized at the former trial, and urged by the plaintiffs, that an injunction against International would, as a matter of law, bind its officers and agents. The principal controversy, therefore, pertained to the right of the plaintiffs to obtain a decree against International. It fairly appears that if the evidence was admissible as to the Union, it was generally considered competent as to all defendants. The extent to which the various members of the Executive Board or the officials who were joined as defendants may have, as individuals, aided, encouraged or ratified the alleged illegal acts, became for all practical purposes a collateral issue. In opposing plaintiffs' motion herein, these defendants now assert that there was no particular purpose in individually contesting the right to injunctive relief as against them in the former proceeding. In other words, at the former trial, there would have been no object in attempting to differentiate between their defense as officers

of the Union and their defense as individuals. It seems evident, therefore, that the character and extent of the defense which these defendants as individuals might desire to interpose at this time as against the relief sought, might markedly differ from that which they would interpose where the Union was a party, and where an injunction obtained against the Union would, under the circumstances, be as effective as if these defendants were individually enjoined. Obviously, it would be quite impossible for this Court to determine to what extent the cross-examination of witnesses would have been extended, or whether additional proof would have been adduced, or whether successful objections would have been made to testimony which is now in the record, if the defendants herein, as individuals, had been the only parties to the controversy. It would seem, therefore, that to receive into evidence at this time the entire record of the prior trial might, and probably would, seriously prejudice the rights of these remaining defendants, and this becomes particularly apparent in that the defense of the present defendants as individuals was not deemed to be an important factor in the first proceeding.

It is no answer to suggest that these defendants may supplement the present record by additional evidence. Such procedure would be entirely ineffective in limiting the present record to the evidence which would be material and competent as against these defendants in their individual capacity. Certainly, it would be most impracticable, if not impossible, to attempt to cull out of the present record the evidence which should be thus eliminated. Nor is it persuasive to suggest that these defendants were given every opportunity to testify and to participate in the former trial, both as officials and as individuals. The fact remains that they were justified in proceeding in their defense to that action in light of the parties who were then defendants, the jurisdiction claimed, and all other circumstances. They were not required, in asserting their defense, to anticipate the changed situation caused by the subsequent dismissal as to some of the most important defendants in the controversy and the new basis of Federal jurisdiction.

The Court is not unmindful that a long and protracted trial has been held covering substantially the same factual issues as are now framed by the present amended pleadings. It may be regretted that, if a de-termination of the present issues is to be had, the entire field must be again traversed. But if obvious error is to be precluded, this Court has no alternative but to grant an entire new trial.

Plaintiffs' motion, therefore, to the extent that they seek to have the matter submitted on the former record, supplemented by additional testimony, must be and is denied. It is so ordered. An exception is reserved.

It is further ordered that the above action be set down for trial de novo before this Court on the 19th day of October, 1942, at ten o'clock A. M., in the United States Court House, at Kansas City, Missouri.