**AMERICAN FIRE & CASUALTY CO.**
**v. FINN.**
**No. 13080.**

United States Court of Appeals
Fifth Circuit.

May 17, 1950.

Rehearing Denied June 16, 1950.

David Bland, Houston, Texas, Austin Y. Bryan, Jr., Houston, Texas, for appellant.

Bailey P. Loftin, Houston, Texas, for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This action was instituted by appellee, in a state court of Texas, against two fire insurance companies, each a non-resident corporation, and an individual citizen of Texas, doing business as Joe Reiss Insurance Agency. On the joint petition of the two non-resident defendants, the entire case was removed to the court below, where, after plaintiff's motion to remand had been overruled, a trial was had, and judgment rendered for the appellee against

only the appellant, no formal judgment appearing to have been entered for or against the other two defendants.

■ After the judgment had been rendered against it in the court below, the appellant moved to vacate the same and to remand the cause to the state court on the ground that it had been improperly removed, the movant relying upon Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788. The appellant's inconsistency in causing the removal and then complaining about it, is deemed immaterial, since the alleged defect in jurisdiction is not merely modal but goes to the substantive question of federal jurisdiction. Wabash R. R. Co. v. Barbour, 6 Cir., 73 F. 513; Tillman v. Russo Asiatic Bank, 2 Cir., 51 F.2d 1023, 80 A.L.R. 1368. It is true that separable controversies as a ground of removal have been abolished, as held in the Bentley case, supra, and that appellant in its petition technically erred in alleging a separable controversy as a ground of removal. Counsel claims to have been uninformed (when his removal petition was filed on Sept. 14, 1948) as to the amendment in the removal statute that became effective Sept. 1, 1948, 28 U.S.C.A. § 1441; but, notwithstanding this error, it appears from the allegations of fact in the complaint and petition to remove that two separate and independent claims, each of which would have been removable if sued upon alone, were joined with an otherwise non-removable claim; and, therefore, the entire suit was removable. Sec. 1441(c).

All three claims are with reference to the total destruction by fire of a single house owned by appellee. She alleged that the fire occurred on May 6, 1948, while appellant's policy of insurance was in full force and effect; but in the alternative, she pleaded that if mistaken in the foregoing claim, the Indiana Lumbermens Ins. Co. was liable for said loss on another policy issued to her by it for the same amount. Then, in the event she failed to recover against either insurance company, she alleged a claim for the same loss against Joe Reiss, the resident agent of both companies, which was separate and independent of the other two claims. The difference, if any, between separable controversies under the old statute and separate and independent claims under the new one is in degree, not in kind. It is difficult to distinguish between the two concepts,[1] but it is not necessary to attempt it in a case like this, which would be removable under either statute. Under both, the removal jurisdiction of the federal court is broader than its original jurisdiction, and all questions of joinder, non-joinder, misjoinder, or multifariousness, are for the federal court to determine after removal. We think that the court below correctly overruled appellant's motion to remand. See Rule 20(a) of Federal Rules of Civil Procedure, 28 U.S.C.A. Cf. Texas Employers Ins. Ass'n v. Felt, 5 Cir., 150 F.2d 227, 160 A.L.R. 931.

■ Turning to the merits of the case, there was substantial evidence to support the verdict of the jury, and we find no reversible error in the record. The contention of appellant is that the insured fraudulently misrepresented the facts in her application for the policy, in that she grossly overstated the value of the property. In an action at law, issues as to fraud and value are for the jury if there is substantial evidence to support the respective contentions of the parties. A valuation of $5,000 for a six-room dwelling, undergoing repairs nearing completion, with a new roof already completed, is not so excessive as to shock the conscience of the court or to evince bias, prejudice, or passion on the part of the jury. This is especially true where, under the law of Texas, there is a liquidated demand under an insurance policy and the parties are presumed to have agreed upon the value of the property to be covered by the policy. Moreover, this was not the first time the Reiss Agency had written insurance upon this property. Joe Reiss saw the house in 1947, and was aware of its location. He had an oppor-

---

1. Any distinction between separate and separable controversies has been said to be sound in theory but illusory in substance. 41 Harv.L.Rev. 1048; 35 Ill. L.Rev. 576.

tunity to see it "a couple of hundred" times since then. He drove near it daily in every direction going to and from his home. He may have been sufficiently alert at all times in representing the interest of the insurer, but after the fire it was too late. As the appellee testified: "After the fire there was nothing but charcoal out there." Under Article 4929 of the Texas Civil Statutes of 1925, a fire insurance policy, in case of a total loss by fire of the property insured, is held and considered to be a liquidated demand against the company for the full amount of the policy, except this article does not apply to personal property. The judgment appealed from is

Affirmed.