United States District Court
N. D. Ohio, W. D.
Dec. 6, 1950.

## STATES v. JOHN F. DALY, Inc., et al.
### Civ. A. No. 10824.

United States District Court
E. D. Pennsylvania.
March 16, 1951.

480

Charles A. Rothman, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for defendant John F. Daly, Inc.

John B. Martin and Bennett & Bricklin, all of Philadelphia, Pa., for defendant John B. White, Inc.

Michael A. Foley, Philadelphia, Pa., for defendant Ford Motor Co.

McGRANERY, District Judge.

This suit, arising out of a motor accident, was instituted by the plaintiffs, a resident of Pennsylvania and a Delaware corporation, against defendants, two Pennsylvania corporations and a Michigan corporation. All defendants move to dismiss on the ground of lack of diversity of citizenship jurisdiction.

■■ Diversity does not exist between each plaintiff and the Pennsylvania corporate defendants, and the action must be dismissed as to them. However, inasmuch as those defendants are not indispensable parties, the plaintiffs will be granted leave to amend their complaint to allege a separable controversy with the Michigan corporate defendant, under Fed.Rules Civ. Proc. rule 21, 28 U.S.C.A. Where, because of the joinder of proper, though not indispensable, parties as defendants, there is no diversity of citizenship to sustain jurisdiction of the controversy as a whole, the District Court may permit a dismissal of such parties and thereby establish jurisdiction over a separable controversy with retroactive effect. Williams v. Great Southern Lumber Co., D.C., 13 F.2d 246, Id., 5 Cir., 17 F.2d 468, Id., 277 U.S. 19, 48 S.Ct. 417, 72 L.Ed. 761; Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 21 L.Ed. 657; Interstate Refineries v. Barry, 8 Cir., 7 F.2d 548; Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 594; Thomas v. Anderson, 8 Cir., 223 F. 41; Grove v. Grove, C.C., 93 F. 865; Sadler v. Sadler, D.C., 65 F.Supp. 120, 121; Kapp v. Frank W. Kerr & Co., D.C., 2 F.R.D. 509.