**FINN v. AMERICAN FIRE & CASUALTY CO.**

**AMERICAN FIRE & CASUALTY CO. v. FINN.**

No. 14196.

United States Court of Appeals Fifth Circuit.

Sept. 17, 1953.

Rehearing Denied Oct. 19, 1953.

Strum, Circuit Judge, dissented.

**114**

Thos. M. Mobley, Bailey P. Loftin, Houston, Tex., James R. Gough, Houston, Tex., of counsel, for appellant.

David Bland, Houston, Tex., Austin Y. Bryan, Jr., Houston, Tex., of counsel, for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is the second appearance of this case before us. Our former opinion is reported in 181 F.2d 845. The action was brought in a state court of Texas by a resident of that state to recover for a loss by fire. Two foreign insurance companies and a resident agent of the companies were named as defendants. The single wrong for which relief was sought was the failure of the defendants, or any of them, to compensate the plaintiff for the loss; and the three defendants were joined because of the uncertainty as to which of the three was liable. After September 1, 1948, on the joint petition of the two nonresident defendants, the entire suit was removed to the federal court, where plaintiff's motion to remand was overruled and a jury trial was had, which resulted in a verdict and judgment against the present appellee, American Fire and Casualty Company.

On certiorari, the Supreme Court held that, in the light of the allegations of the complaint, there was no right of removal of the case from the state to the federal court. Therefore, the judgment of the Court of Appeals was reversed and the cause remanded to the district court with directions to vacate the judgment entered and, if no further steps were taken by any party to affect its jurisdiction, to remand the case to the state court. 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. The Supreme Court expressly did not pass upon the propriety of allowing a new judgment to be entered on the old verdict without a new trial if a dismissal as to the resident defendant were allowed by the district court after vacation of the old judgment. American Fire & Casualty Co. v. Finn, 341 U.S. at page 18, note 18, 71 S.Ct. at page 542.

■ After the case was remanded and the judgment vacated, the district court allowed the plaintiff to dismiss as to the resident defendant and the Lumbermens Insurance Co., thereby perfecting its jurisdiction. See Conolly v. Taylor, 2 Pet. 556, 562, 27 U.S. 556, 562, 7 L.Ed. 518; Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657. No terms were imposed on either party for the allowance of this amendment.

■ The trial court thought that, prior to the amendment, it had been wholly without jurisdiction; and, assigning that ground alone, it set aside the proceedings in the former trial conducted on August 3rd and 4th, 1949, and granted a new trial. This holding was based, we think, upon a misconception of the law, and is subject to review. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 482, 53 S.Ct. 252, 77 L.Ed. 439; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 248, 60 S.Ct. 811, 84 L.Ed. 1129; Weaver v. Marcus, 4 Cir., 165 F.2d 862, 864, 175 A.L.R. 1305; 3 Am.Jur., Appeal and Error, Sec. 981.

■ We agree with the opinion in Dollar S. S. Lines v. Merz, 9 Cir., 68

F.2d 594, that, after amendment, the court had jurisdiction to enter judgment upon the original verdict. See also Interstate Refineries v. Barry, 8 Cir., 7 F.2d 548, 550; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, 121; International Ladies' Garment Workers' Union v. Donnelly, Garment Co., 8 Cir., 121 F.2d 561, 563; Alderman v. Elgin, J. & E. Ry. Co., 7 Cir., 125 F.2d 971, 973, opinion by Circuit Judge, now Associate Justice, Minton.

The court did not exercise its discretionary power to grant a new trial; in fact the same court, though with a different judge sitting, had refused to set aside the verdict and grant a new trial, had overruled a motion for judgment notwithstanding the verdict, and had entered a judgment for the plaintiff on the verdict. Three different judges presided at various proceedings during the two trials of this case. The only reason that the judge, who granted the new trial after the remand of the case, assigned for setting aside the first verdict was that the federal court was wholly without jurisdiction when it was rendered. Prior to the amendment, federal jurisdiction was imperfect or defective, but it was not wholly lacking. The district court had jurisdiction to determine its own jurisdiction, to order the pleadings recast and the parties realigned according to their real interests, and at any time before final judgment to dismiss or remand for want of federal jurisdiction as justice required, 28 U.S.C. § 1441(c).

After the remand of the case, the district judge had a discretion, which he did not exercise, to grant a new trial on the ground that the appellee was injured by reason of the trial having been conducted against all of the parties including the resident defendant, within the rule stated in Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 594, 595, followed in Donnelly Garment Co. v. Dubinsky, D.C.W.D.Mo., 47 F.Supp. 65, 66. This court is in substantially as good position to pass upon that question as was the judge who granted the new trial in this case after remand. We have, therefore, carefully read the testimony on the first trial as set forth in the record on the former appeal, of which we take judicial notice. De Bearn v. Safe Deposit & Trust Co., 233 U.S. 24, 32, 34 S.Ct. 584, 58 L.Ed. 833. From that reading, we are not convinced that the appellee was prejudiced in any way by the presence of the resident defendant upon the first trial. After the judgment was vacated and federal jurisdiction was perfected by amendment of the pleadings, we think that the plaintiff was fairly and justly entitled to a new judgment on the old verdict.

That the plaintiff, on the first trial, should have voluntarily dismissed the action as to the resident defendant before the entry of judgment is clearly indicated by the opinion of the Supreme Court, which says: "The posture of this case even at the time of judgment also barred federal jurisdiction. A Texas citizen was and remained a party defendant. The trial court judgment, after decreeing recovery against American Fire & Casualty Company on the jury's verdict, added, over American's objection," that the plaintiff take nothing as against defendants Indiana Lumbermens and Joe Reiss, " 'and that such Defendants go hence without day with their costs.' By this decree the merits of the litigation against Reiss were finally adjudicated. The request of respondent to dismiss Reiss after the judgment was not acted upon by the trial court." 341 U.S. 17, 71 S.Ct. 542.

The removal jurisdiction of the United States district courts is purely statutory; it is sometimes broader, sometimes narrower, than its original jurisdiction; but it is always subject to constitutional limitations. Formerly the petition for removal was first filed in the state court where the suit was pending. Judicial Code of 1912, Chapter 231, approved March 3, 1911, 36 Stat. 1087, 1169. Now the petition to remove is first filed in the federal court, Code of 1948, 28 U.S.C. § 1446; but questions of joinder, nonjoinder, misjoinder, fraudu-

lent joinder, and multifariousness, are and formerly were for the ultimate decision of the federal Court. Barney v. Latham, 103 U.S. 205, 216, 26 L.Ed. 514.

The changes in the Judicial Code of 1948, abolishing the separable controversy as a ground of removal, were intended to restrict not to enlarge federal removal jurisdiction. As stated by the Supreme Court: "The Congress, in the revision, carried out its purpose to abridge the right of removal", and "care was taken to maintain opportunity for state trial of non-federal matters." 341 U.S., at page 10 and note 3, 71 S.Ct. at page 538. All jurisdictional difficulties, occasioned by the removal of the entire action, are dissolved in the federal court by its power to dismiss or remand all non-removable issues or controversies as justice requires. 28 U.S.C. § 1441(c). It has no power to adjudicate such separate and independent claims or issues not arising from the same transaction or from an interlocked series of transactions. Tillman v. Russo Asiatic Bank, 2 Cir., 51 F.2d 1023, 80 A.L.R. 1368.

A literal construction of Section 1441 (c) of Title 28 of the United States Code might render a part of the paragraph unconstitutional. While it provides for the removal of the entire case, and that the federal court may determine all issues therein, it contemplates the dismissal or remand for want of jurisdiction of all non-removal issues and controversies which constitute separate and independent claims or causes of action not arising out of the same transaction or from a related series of transactions. See an article on the removal of separate and independent non-federal causes of action, entitled "The Federal Court's Hospital Back Door," etc., 66 Harvard Law Review, 423. Cf. Hoffman v. Lynch, D.C., 23 F.2d 518.

The facts in each portion of the complaint in this case involved Reiss, the resident defendant, and the damages sued for came from a single incident: therefore, the Supreme Court held that the claim against Reiss was not separate and independent but arose out of "the same facts and transactions" as the claims against the non-resident insurance companies. When the suit was voluntarily dismissed, however, as to all of the defendants except the appellee, against whom a verdict had been rendered, the amendment of the pleadings related to the date of filing of the original suit and cured the defect in the district court's jurisdiction of the controversy between the remaining parties. Rule 15(c) and Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.; 3 Moore's Federal Practice (2d ed.), Sections 15.09 and 15.15, pp. 836, et seq., and 850, et seq.

The district judge that ordered the new trial in this case never saw or heard the witnesses in either trial. He did not act in the exercise of his judicial discretion, but under the compulsion of a mistake of law. He considered all the proceedings in the first trial a nullity because the court conducting it was "wholly without jurisdiction." He entertained no doubt that the plaintiff was entitled to dismiss the action as to the resident defendant; but he ordered a new trial because, prior to said amendment, he considered that the district court "had never at any time had jurisdiction of this case." On this record, the court of appeals has the power to exercise the discretion that primarily belonged to the district court but which the latter failed to exercise. 28 U.S.C. § 2106.

If we review the history of this case, it will be seen that the plaintiff filed this suit in a state court on September 14, 1948, and has been litigating for five years with more or less success. On the same claim and substantially the same evidence, one jury found in her favor, but a second found against her to some extent. Every consideration of promptness and dispatch in the administration of justice demands that the first trial should be preserved in the absence of prejudice by reason of the joinder of the resident defendant. This court has already held that the first trial was free from error; and, apart from the juris-

dictional matter, the Supreme Court did not disturb that holding. A new trial was not mandatory on jurisdictional grounds, and we see no reason why the presence of Reiss, as a party defendant, prejudiced the insurance company. His name was erased as a litigant but not as a witness. As the insurer's agent, his acts were of the very essence of the suit. This was true whether or not he was a party. The Supreme Court limited its holding to the requirement that judgment could not be entered on the old verdict while Reiss was a party. It did not foreclose such action after dismissal of the case as to him. In at least one respect, the defendants were benefitted by the joinder of the resident defendant: an important witness, and their agent, was exempted from the rule because he was also a litigant, which is usually regarded by trial lawyers as an advantage.

The judgment appealed from is reversed, and the cause remanded to the district court with directions to enter judgment for the plaintiff on the original verdict, with interest and costs, and to take such further action as may be not inconsistent with this opinion.

Reversed.

STRUM, Circuit Judge (dissenting).

With deference to the views of my colleagues, I think the judgment appealed from should be affirmed, not reversed.

When this case was heretofore before the Supreme Court, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, 703, that court held that federal jurisdiction was lacking throughout the first trial because there was a citizen of Texas on both sides of the controversy, and that the cause was not removable under 28 U.S.C.A. § 1441 (c), for which reasons it reversed the first judgment. The Supreme Court expressly left open for the "consideration and decision of the District Court" the question whether a new judgment could be entered on the original verdict without a new trial. See note 18, 341 U.S. text 19, 71 S.Ct. text 542, 95 L.Ed. text 711.

The district court considered that question and held that since the district court was without jurisdiction throughout the first trial, and that proceeding therefore a nullity, there should be a trial *de novo* between the parties as they stood after the Texas citizen, Reiss, and Lumbermen's Insurance Company were dismissed as defendants. This change in the parties materially changed the cause of action upon which plaintiff then sued.[1]

In granting a trial *de novo*, the district judge is well supported by both reason and authority. In Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 594, 597, cited with approval in the majority opinion, a similar situation was presented. That court

1. The action was originally instituted in a Texas state court by the insured, a citizen of Texas, against American Fire and Casualty Company and Lumbermen's Insurance Company, who had previously issued a policy on the property, claiming that she was covered by one or the other of the policies. Both insurers were corporations foreign to Texas. Plaintiff also joined the agent, Reiss, who represented both companies, and who was a citizen of Texas, claiming that the agent was individually liable to her if her recovery against the insurance companies failed. This placed a Texas citizen on each side of the controversy. The foreign insurance companies removed the action to the federal court upon the ground that as to them there was a separable controversy within the meaning of former 28 U.S.C.A. § 71. The Supreme

Court held that the revision of the Judicial Code, which became effective September 1, 1948, prior to this removal, worked a change in former 28 U.S.C.A. § 71, which is now sec. 1441(c) of revised Title 28, and that a separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Holding that the claim asserted in this action did not conform to the requirements of the revised section, 28 U.S.C.A. § 1441(c), the Supreme Court reversed the judgment for lack of federal jurisdiction. Upon remand to the district court, plaintiff dismissed as to the Texas agent, also as to Lumbermen's Insurance Company, thus leaving clear diversity between plaintiff and the re-

said: "While the writer of this opinion * * * would hold that the District Court may in its discretion enter such judgment (on the original verdict) or grant a new trial, the majority of the court are of the opinion that a new trial *must* be granted, *inasmuch as the District Court completely lacked jurisdiction to hold the former trial."* (Italics supplied.) The district judge here granted a new trial for precisely the same reason. Yet the majority, while citing the Dollar case with approval, reverses the district judge for so doing. To that I can not assent. In my opinion, the district judge neither erred nor abused his discretion, but acted soundly and justly in ordering a new trial. The parties by the amendment were commencing virtually a new suit between only two of the former parties. The district judge thought that these parties should have a trial *de novo* on this new controversy, and upon the altered issues, which I think was a sound view of the matter. Nothing could be more logical or just.

In my opinion, the other cases cited by the majority do not sustain, they oppose, the majority position. In Atchison, T. & S. F. Ry. Co. v. Francom, 9 Cir., 118 F.2d 712, a case presenting this same situation was expressly reversed for a new trial.

The case of Interstate Refineries v. Barry, 8 Cir., 7 F.2d 548, merely holds that a jurisdictional amendment made during the course of a trial relates back to the beginning of the suit. That case is not authority for the mandatory entry of judgment on a verdict rendered prior to the amendment, as here ordered by the majority.

The majority also cites to support its position, Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, 121. That case holds that it was for the district court to determine whether, in these circumstances, a decree should be entered on the record already made, or a new trial granted. That case is not authority for mandatorily ordering the district court to enter judgment on a previous verdict returned when the court was without jurisdiction. In Alderman v. Elgin, J. & E. Ry. Co., 7 Cir., 125 F.2d 971, cited by the majority, the court stated that it agreed with the writer of the opinion in Dollar S. S. Lines v. Merz, 9 Cir., 68 F. 2d 594, 597. As already stated, the writer of that opinion said that he "would hold that the District Court may in its discretion enter such judgment or grant a new trial". The majority also relies on International, etc., Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561. That case also left it to the discretion of the district court to determine whether a decree should be rendered on the existing record, or a trial *de novo* awarded, and upon remand the district court awarded a new trial, just as did the district judge here. See 47 F.Supp. 65.

I quite agree to the proposition that a jurisdictional amendment may be allowed with retroactive effect.[2] I also agree that where no prejudice will ensue, a district court *may*, after granting the amendment, enter judgment on the existing record, or upon a verdict returned prior to the amendment. But not one of the foregoing cases holds, as does the majority here, that it is error to grant a new trial in these circumstances, nor that the district court should be mandatorily required to enter judgment on the first verdict rendered when the court was without jurisdiction. On the contrary, every one of these cases which did not specifically order a new trial left it to the discretion of the district judge

---

maining defendant, American Fire and Casualty Company, after which the pleadings were substantially amended and a second trial was had. The judgment rendered at the second trial is here under review.

2. Mason v. Dullagham, 7 Cir., 82 F. 689; Williams v. Great Southern Lumber Co.,

D.C., 13 F.2d 246; Gate Way, Inc., v. Hillgren, D.C., 82 F.Supp. 546, affirmed 9 Cir., 181 F.2d 1010; O'Neal v. National Cylinder Gas Co., D.C., 103 F.Supp. 720; Kassner v. U. S. Pictures, D.C., 82 F. Supp. 633; States v. John F. Daly, Inc., D.C., 96 F.Supp. 479.

whether there should be a new trial or judgment entered on the original record. The books will be searched in vain for a case which supports the majority holding, particularly one in which, as here, the change made in the parties also works a material change in the cause of action asserted by plaintiff. The statute, 28 U.S.C.A. § 1653, provides that jurisdictional allegations may be amended "upon terms," which, to me, implies discretion in the district judge to impose a new trial as a "term" of granting the amendment. The district judge did not categorically provide in his order that the amendment was granted on the "terms" that there be a new trial, but in one order he set aside the proceedings in the first trial as a nullity, dismissed Reiss as a defendant, denied plaintiff's motion for judgment on the original verdict, granted leave to amend the pleadings to conform to the altered parties, and granted a new trial on the issues to be made by the amended pleadings. Clearly the effect of such an order is to impose a new trial as a "term" of granting the jurisdictional amendment.

If a showing of prejudice is essential to the granting of a trial *de novo* in these circumstances, it sufficiently appears here. The presence of Reiss as a party in the first trial enabled the plaintiff to introduce evidence as to him at that time, which would not be admissible as to the sole remaining defendant, American Insurance Company, on the second trial. Obviously, there was something prejudicial to the insurer in the first trial that did not appear in the second trial, for the verdict on the first trial was for $5,000, while on the second, with the other defendants out of the case, it was for $1,850.

Moreover, to enter judgment for $5,000 on the original verdict, permits the plaintiff to have a recovery far greater than she is entitled to under the only policy in issue after the jurisdictional amendment was made, which the second jury found to be a "builder's risk," not a valued, policy. Under this policy liability is limited to "the actual values

* * * placed into or made a part of" the new building. Upon ample supporting evidence, the jury at the second trial found that this was the type of policy agreed upon between plaintiff and American, and that the total value of the building, including repairs, at the time of the fire was $1,850. In ordering judgment for $5,000 on the original verdict, in which trial the Lumbermen's $5,000 policy was in issue, as well as American's, the majority gives the plaintiff a recovery to which she is not entitled.

For these and other reasons, I respectfully dissent.

### On Petition for Rehearing.

PER CURIAM.

Since neither of the judges who concurred in the decision of the court in this case is of the opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.