**Louis A. BRESLERMAN, Plaintiff,**

v.

**AMERICAN LIBERTY INSURANCE COMPANY, Commercial Union Fire Insurance Company of New York and Monarch Insurance Company of Ohio, Defendants.**

**Civ. No. 19324.**

United States District Court
E. D. New York.
Feb. 3, 1959.

**532**

Harvey L. Strelzin, New York City, for plaintiff, for the motion to remand and in opposition to the motion to vacate the stay.

Rein, Mound & Cotton, by Bert Cotton, New York City, for defendant American Liberty Ins. Co., in opposition to the motion to remand and for the motion to vacate the stay.

RAYFIEL, District Judge.

There are two motions, one, by the plaintiff, to remand this case to the Supreme Court of the State of New York, County of Kings, where it was commenced, and the other, by the defendant American Liberty Insurance Company, to vacate a temporary stay of proceedings in the courts of the State of Virginia, granted to the plaintiff by Justice Charles J. Beckinella, of the New York State Supreme Court.

The plaintiff is a resident of the State of New Jersey; the defendant American Liberty Insurance Company is an Alabama Corporation, having its principal place of business in Birmingham, Alabama; the defendant Commercial Union Fire Insurance Company of New York is a New York Corporation; the defendant Monarch Insurance Company of Ohio is an Ohio Corporation, having its principal place of business at 19 Rector Street, in the City of New York.

The action was commenced by the plaintiff in the Supreme Court, County of Kings, and alleges eight causes of action. There are two causes of action alleged against each defendant, each based upon a fire insurance policy issued by a defendant upon a certain building in Virginia, and two causes of action, one against each of the defendants American Liberty Insurance Company and Commercial Union Fire Insurance Company of New York, to restrain them from proceeding with actions which they had commenced against the plaintiff in the Circuit Court of the City of Norfolk, wherein they seek a judgment declaring null and void the four policies of fire insurance issued by them on some of the buildings involved.

The defendant American Liberty Insurance Company based its petition for removal on Section 1441(c) of Title 28, United States Code, which reads as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

An analysis of the complaint in the case at bar reveals that the causes of action alleged therein are separate and independent. Each policy of insurance covered a different building, and the plaintiff could have commenced separate actions on each of them. The same applies to the two causes of action for a declaratory judgment against American Liberty Insurance Company and Commercial Union Fire Insurance Company of New York. There is complete diversity of citizenship, since the plaintiff is a citizen of New Jersey, and the defendants are an Alabama Corporation, a New York Corporation, and an Ohio Corporation having its principal office in New York, so that this Court would have

had original jurisdiction of the action if it had been commenced here. As a matter of fact, the papers herein reveal that the *plaintiff*, before commencing this action, commenced an action against the same defendants for the same relief in the United States District Court for the Southern District of New York, which action is still pending. The jurisdiction in that action was based upon diversity of citizenship.

The plaintiff, on the other hand, relies principally on Section 1441(b) of Title 28, United States Code which reads as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (Emphasis added.)

The plaintiff argues that since one of the defendants is a New York corporation, and another is an Ohio corporation with its principal office in New York, this case should not have been removed to this Court.

I disagree. The language of Section 1441(c) is clear and unequivocal. It provides for the removal of the *entire* case when a separate and independent removable claim is joined with non-removable claims, and gives the district court, in its discretion, the right to pass upon the *entire* case or remand all matters not otherwise within its *original jurisdiction.*

An analysis of the section was made by Chief Judge Thomsen, of the United States District Court for the District of Maryland, in Baltimore Gas & Electric Co. v. United States Fidelity & Guaranty Co., 159 F.Supp. 738, an action commenced in the Maryland State Courts by a Maryland corporation against two foreign corporations and a Maryland corporation. The Court there found, as is the case here, that there were separate and independent claims. The case had been removed to the District Court by the two foreign corporations. The Court stated, at page 740, "The plaintiff in the instant case is not suing to redress a 'single wrong', [American Fire & Cas. Co. v. Finn] 341 U.S. [6] at page 14, 71 S.Ct. [534] at page 540 [95 L.Ed. 702], but to redress the three separate wrongs alleged against the several defendants. The entire case was therefore properly removed under sec. 1441(c); the question is whether the claim against the Maryland defendant must be remanded to the state court.

"Sec. 1441(c) does not say that the district court must remand all matters not otherwise within its original jurisdiction. It provides that the court 'may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction'.

It has been suggested that a literal construction of sec. 1441(c) might render a part of that subsection unconstitutional. Finn v. American Fire & Cas. Co., 5 Cir., 207 F.2d 113, certiorari denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (on appeal after remand to the district court); Lewin, 'The Federal Court's Hospitable Back Door' etc., 66 Harv.L.R. 423. A majority of the Fifth Circuit in the Finn case concluded: 'While it [sec. 1441(c)] provides for the removal of the entire case, and that the federal court may determine all issues therein, it contemplates the dismissal or remand for want of jurisdiction of all non-removal issues and controversies which constitute separate and independent claims or causes of action not arising out of the same transaction or from a related series of transactions'. 207 F.2d at page 116. However, if that is the proper test to apply, it would appear that the separate and independent claims or causes of action in this case do arise out of a related series of transactions, namely, the issuance of the policies, the alleged explosion, and the claims made for the loss therefrom.

The Supreme Court did not reach the constitutional question in the Finn case. It did not even suggest that there is a constitutional problem. It stated that the changes made by the 1948 revision of sec. 1441(c) were intended to simplify the provision and to abridge the right of removal. American Fire & Cas. Co. v. Finn, 341 U.S. at pages 9, 10, 71 S.Ct. at pages 537, 538. The Supreme Court noted: 'Care was taken to maintain opportunity for state trial of non-federal matters'. 341 U.S. 10, note 3, 71 S.Ct. 538.

Surely the word 'opportunity' was not carelessly selected. It is an appropriate word to express the discretion which the statute vests in the district court. It would scarcely have been used if the Court had been of the opinion that such discretion could only be exercised in one way. Obviously many cases should be remanded. But in some cases, as in this, the similarity of the issues, arising out of the same or related transactions and incidents, the convenience of parties and witnesses and the importance of conserving the time of judges, juries, and other court officials, all point to the desirability of a single trial."

That reasoning clearly applies to the case at bar. The question of the so-called "back door jurisdiction" of the Federal Court over a controversy involving citizens of the same state does not arise, for here is a case over which this Court would unquestionably have had original jurisdiction under Section 1332 of Title 28, United States Code, a fact which the plaintiff recognized when he commenced his action in the Southern District. All the claims under the fire insurance policies, alleged in the complaint, arose out of the occurrence of the fire which destroyed all six buildings. Thus, we have the similarity of issues, the convenience of parties and witnesses and the conservation of the Court's time, stated by Chief Judge Thomsen.

I have considered the other points raised by the plaintiff and find them without merit. Accordingly, the plaintiff's motion to remand is denied, and the defendant's motion to vacate the temporary stay granted by Justice Beckinella is granted. (See Section 2283, Title 28 United States Code.)

Settle order on notice.