725 F.2d 189
 Fed. Sec. L. Rep. P 99,616
Delo H. CASPARY, Plaintiff-Appellant,
v.
The LOUISIANA LAND AND EXPLORATION COMPANY, John G.
Phillips, Richard T. Baker, R. Manning Brown, Jr., John P.
Harbin, Herman Ponder, Arthur R. Taylor, W.R. Timken, Jr.,
Joseph F. Toot, Jr., E.L. Williamson, Louis H. Wilson, CT
Corporation, Defendants-Appellees.
The LOUISIANA LAND AND EXPLORATION COMPANY, John G.
Phillips, Richard T. Baker, R. Manning Brown, Jr., John P.
Harbin, Herman Ponder, Arthur R. Taylor, W.R. Timken, Jr.,
Joseph F. Toot, Jr., E.L. Williamson, Louis H. Wilson, CT
Corporation, Counterclaim Plaintiffs,
v.
Delo H. CASPARY, Counterclaim Defendant.
 No. 504, Docket 83-7687.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 4, 1983.
Decided Jan. 5, 1984.
 
 Louis A. Craco, New York City (Kenneth J. Bialkin, Stephen Greiner, Gerald Kerner, Laurence H. Lenz, Jr., Michael R. Young, Willkie Farr & Gallagher, New York City, of counsel), for plaintiff-appellant.
 Raymond L. Falls, Jr., New York City (Kenneth W. Orce, David R. Hyde, Allen S. Joslyn, George Wailand, Joel E. Davidson, Mary Catherine Ford, Cahill Gordon & Reindel, New York City, of counsel), for defendants-appellees.
 Before MESKILL, NEWMAN and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The instant dispute presents the question of whether we may allow a plaintiff-appellant to amend his complaint to delete his remaining untried claims in order to vest this Court with jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1976).[1] We hold that the amendment here is proper; we find jurisdiction and affirm on the merits.
 
 
 2
 Plaintiff-appellant Caspary led a proxy fight to take over defendant-appellee The Louisiana Land and Exploration Co. (the Company). The attempt failed and management's slate was elected at the Company's annual meeting held in May 1983. Caspary subsequently filed an action in the United States District Court for the Southern District of New York against the Company and its directors alleging that the Company's proxy solicitations contained material misrepresentations and omissions in violation of section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78n(a) (1982), and Rule 14a-9 of the Securities and Exchange Commission, 17 C.F.R. Sec. 240.14a-9 (1983). Caspary's complaint listed seven separate and distinct lines of misrepresentations or omissions, each of which was said to violate Rule 14a-9. Caspary sought, inter alia, injunctive relief (a) nullifying the election results; (b) invalidating the Company's proxies; (c) requiring it to make corrective disclosures; and (d) calling for a new election after the effects of the Company's alleged improprieties are abated.[2]
 
 
 3
 By stipulation of the parties, a trial was held on only one of the seven alleged violations of Rule 14a-9, namely, whether management's statements that its improved first quarter 1983 earnings had reversed a two year trend of declining earnings contained material misrepresentations and omissions. The parties stipulated that any decision on the merits was without prejudice to the Company's contingent counterclaim.
 
 
 4
 Judge Gagliardi denied Caspary's claim on the merits on July 19, 1983. The court later denied Caspary's motion for a final judgment pursuant to Fed.R.Civ.P. 54(b). Caspary then filed a notice of appeal, asserting that this Court had jurisdiction to hear an appeal on the merits under 28 U.S.C. Sec. 1292(a)(1) (1976).[3] The Company moved to dismiss the appeal for lack of jurisdiction under section 1292(a)(1), claiming that there were allegations remaining to be tried which if decided in Caspary's favor would entitle him to the same relief he sought but was denied at the first trial.
 
 
 5
 Oral argument on both the Company's motion to dismiss and Caspary's appeal on the merits occurred on November 4, 1983. At oral argument, counsel for Caspary, in an effort to defeat the motion to dismiss, offered to discontinue his remaining Rule 14a-9 claims against the Company with prejudice in order to make the decision below final and appealable on the merits pursuant to 28 U.S.C. Sec. 1291. In effect, Caspary moved this Court to permit him to amend his complaint pursuant to Fed.R.Civ.P. 15(a). The Company objected, asserting that Fed.R.Civ.P. 41(a)(2) prohibits this Court from dismissing anything less than Caspary's entire action. It also argued that this Court lacks jurisdiction to permit Caspary to amend his complaint where it would not have had appellate jurisdiction because of the lack of a final judgment below. The Company maintained that, as a policy matter, the district court should be given the initial opportunity to exercise its discretion to determine if Caspary's motion should be granted.
 
 
 6
 Under these circumstances, we see no reason why Caspary should not be allowed to amend his complaint in order to delete all of his claims not already tried below as long as it is done with prejudice. There is no question that the district court may permit such an amendment. Fed.R.Civ.P. 15(a). Rule 41(a)(2) does not preclude an amendment pursuant to Rule 15(a). See 5 J. Moore, Moore's Federal Practice p 41.06-1 (2d ed. 1982). We have previously indicated that we have the discretion to permit amendment of a complaint. Denny v. Barber, 576 F.2d 465, 471 (2d Cir.1978) ("this court ... could itself now grant leave to amend or remand to the district court to allow amendment ...."). See generally 3 J. Moore, Moore's Federal Practice p 15.11 (2d ed. 1983).
 
 
 7
 The Company's argument that we cannot permit Caspary to amend his complaint because we have no appellate jurisdiction due to the lack of a final judgment below is unpersuasive. District courts considering cases in which they lack jurisdiction because of the presence of a non-diverse party can grant an amendment to drop the party and create complete diversity, see Finn v. American Fire & Casualty Co., 207 F.2d 113, 114-15 (5th Cir.1953), cert. denied, 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954). We see no reason why an appellate court may not also do so. Cf. Rock v. Coombe, 694 F.2d 908, 914 (2d Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 1773, 76 L.Ed.2d 345 (1983) (habeas corpus petitioner permitted by the Court of Appeals to abandon unexhausted claims).
 
 
 8
 It would be a waste of judicial resources to remand this matter to the district court for an initial determination. Undoubtedly the district court would grant Caspary's Rule 15(a) motion because "leave [to amend] shall be freely given when justice so requires." It is inconceivable that the district court would hold Caspary to claims that he no longer wishes to press. After the amendment was granted, we would have jurisdiction of the appeal under 28 U.S.C. Sec. 1291. Considerations of judicial economy dictate that we should grant the motion to amend in order to proceed to the merits. We note that our decision would be different if there were any indication that this procedure was being used in bad faith or to gain some unfair advantage over the Company[4] or to abuse the processes of this Court. Consequently, we grant Caspary's motion to amend his complaint to delete his remaining Rule 14a-9 claims with prejudice and deny the Company's motion to dismiss.
 
 
 9
 Turning to the merits of the Rule 14a-9 claim, we affirm substantially for the reasons stated in Judge Gagliardi's opinion below.
 
 
 
 [1]
 28 U.S.C. Sec. 1291 (1976) provides in pertinent part:
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States ....
 
 
 [2]
 In its answer, the Company asserted a contingent counterclaim in the event that the district court granted the relief sought by Caspary. The counterclaim alleged material misrepresentations and omissions by the Caspary group in its proxy solicitations
 
 
 [3]
 28 U.S.C. Sec. 1292(a) provides in pertinent part:
 The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States ... or of the judges thereof ... refusing ... injunctions ....
 
 
 [4]
 For example, the Company makes no claim that it needs recourse to the district court to insist that amendment of the complaint be conditioned upon payment of some special expenses beyond normal taxable costs