**Thomas McMANUS, Plaintiff–Appellant,**

v.

**The GITANO GROUP, INC., Defendant,**

**Comprehensive Benefits Service Co., Inc., Defendant–Appellee.**

No. 1453, Docket 94–9165.

United States Court of Appeals, Second Circuit.

Argued April 7, 1995.

Decided July 12, 1995.

Louis J. Castellano, Jr., Garden City, NY, for plaintiff-appellant.

Marshall T. Potashner, New York City (John F. Renzulli, Scott M. Lerman, Wilson, Elser, Moskowitz, Edelman & Dicker, of counsel), for defendant-appellee.

Before: WINTER, MAHONEY and CALABRESI, Circuit Judges.

WINTER, Circuit Judge:

Thomas McManus appeals from the denial of his motion for attorney's fees under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* We affirm.

McManus was a participant in The Employee Health Care Plan (the "Plan"), sponsored by his employer, The Gitano Group, Inc. ("Gitano"). Following a bone marrow transplant, McManus brought an ERISA action to recover benefits from Gitano and Comprehensive Benefits Service Co., Inc. ("Comprehensive"). Gitano was the Plan Sponsor, Plan Administrator, and Named Fiduciary under the Plan. Comprehensive is the Third Party Administrator of the Plan. Comprehensive's sole role is to process claims for medical benefits and to pay them with funds received from Gitano.

Subsequent to the commencement of this lawsuit, Gitano filed a bankruptcy petition, and McManus's claims against Gitano were automatically stayed. The district court then granted summary judgment for Comprehensive. The district court held that a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), may be brought only against the Plan as an entity and that Comprehensive is not the Plan. The district court further held that Comprehensive cannot be liable for breach of fiduciary duty under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), because McManus did not offer sufficient evidence to support a finding that Comprehensive is a fiduciary. McManus appealed from the grant of summary judgment, but this court dismissed the appeal for failure to pay the filing fee and satisfy other procedural requirements for perfecting an appeal, and McManus made no effort to cure the defects or reinstate the appeal.

After commencement of the lawsuit but before the grant of summary judgment, Comprehensive paid approximately $135,000 in benefits to various health care providers for treating McManus. After summary judgment was granted, McManus moved for attorney's fees under Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), on the ground that the payments by Comprehensive were made in response to the lawsuit. The district court denied an award of fees, and this appeal followed.

At oral argument, we *sua sponte* questioned the existence of appellate jurisdiction. Although the district court granted Comprehensive's motion for summary judgment and dismissed Comprehensive from the litigation, McManus's claims against Gitano were still pending before the district court when this appeal was argued. Moreover, the district court never entered a final judgment pursuant to Fed.R.Civ.P. 54(b), which allows "the entry of [an appealable] final judgment as to one or more but fewer than all . . . parties . . . upon an express determination that there is no just reason for delay". In response to our concerns about the existence of appellate jurisdiction, McManus dismissed Gitano from the action *nunc pro tunc* to the date of the grant of summary judgment with prejudice.

McManus's dismissal of Gitano *nunc pro tunc* vests us with appellate jurisdiction because it creates a final judgment, albeit retroactively. We addressed a nearly identical situation in *Caspary v. Louisiana Land & Exploration Co.,* 725 F.2d 189 (2d Cir.1984) (per curiam). In *Caspary,* plaintiff's complaint asserted seven claims for relief. A trial was held on one of the claims. After plaintiff lost on the merits of the claim tried, the district court denied a motion for a final judgment pursuant to Rule 54(b). The plaintiff filed a notice of appeal, and the defendant moved to dismiss for want of appellate jurisdiction. At oral argument, plaintiff offered to discontinue his remaining

claims with prejudice. We reasoned that plaintiff was in essence seeking permission to amend his complaint and saw "no reason why [plaintiff-appellant] should not be allowed to amend his complaint in order to delete all of his claims not already tried below as long as it is done with prejudice." 725 F.2d at 191. If an appellate court can render a judgment final by allowing a plaintiff to drop claims still pending in a district court, we believe that it can do the same by allowing a plaintiff to drop a party. We therefore have jurisdiction to hear McManus's appeal.

In light of our recent decision in *Marbley v. Bane*, 57 F.3d 224 (2d Cir.1995), we may quickly dispose of the merits. McManus contends that Comprehensive paid benefits to him because of his ERISA action and seeks attorney's fees under ERISA on a catalyst theory. Although *Marbley* affirmed that we continue to follow the catalyst doctrine in awarding attorney's fees notwithstanding language in *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), *Marbley* is fatal to McManus's application for fees.

 Recovery of fees on a catalyst theory requires an applicant to demonstrate a causal connection between the litigation and the recovery of benefits. *Marbley*, 57 F.3d at 234–35. McManus argues that, if permitted discovery, he will be able to prove that his ERISA action caused Comprehensive to make payments to health providers. Comprehensive argues that the delay in payment was the result of Gitano's perilous financial condition and that it, Comprehensive, simply made payments to providers as it received funds from Gitano. However, this factual dispute is irrelevant. We expressly noted in *Marbley* that the requisite causal connection between the lawsuit and the receiving of a benefit must be the "threat of victory," not the "nuisance and threat of expense." *Id.* We thus noted, "Implicit in the 'catalyst' theory ... is the notion that, had the litigation proceeded to a final judgment, judgment could have been for the plaintiff." *Id.* We need not speculate about the merits of McManus's claim against Comprehensive because it was dismissed and he did not perfect an appeal from the dismissal. The district court thus properly denied the application for fees.

Affirmed.